Vernon TROY, a married man,
Plaintiff–Appellant,

v.

STANDARD INSURANCE COMPANY,
an Oregon corporation, Defendant–
Appellee.

No. 00–35459.
D.C. No. CV–99–05314–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 20, 2001.

Before B. FLETCHER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Vernon Troy, a former sales representative for Standard Insurance Company, appeals the summary judgment in favor of the employer in a claim brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). We have jurisdiction under 28 U.S.C. § 1291. We review the award of summary judgment *de novo*, *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001), and we reverse. Because the parties are familiar with the factual background, we do not recite the details here.

█ The district court did not have the benefit of the Supreme Court's decision in *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), at the time of its decision. *Reeves* requires that we reverse the summary judgment in favor of Standard and remand for trial. Employees need offer "very little evidence" of discrimination in order to defeat an employer's motion for summary judgment, *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000), because the ultimate question of determining the reason for the employer's actions requires a "searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir.1996) (quoting *Lam v. Univ. of Haw.*, 40 F.3d 1551, 1563 (9th Cir.1994)).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ Under the *McDonnell Douglas* burden-shifting framework (1) the plaintiff must make a prima facie case of discrimination; (2) the burden of production, but not persuasion, then shifts to the defendant to offer a "legitimate, nondiscriminatory reason" for the action taken against the plaintiff; and then (3) the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the·defendant were not its true reasons, but were a pretext for discrimination." *Reeves,* 530 U.S. at 142–43 (citations omitted).

■ The burden of making a prima facie case is "not onerous," *Lynn v. Regents of the Univ. of Cal.,* 656 F.2d 1337, 1342 (9th Cir.1981), so that only "minimal proof" is required to survive summary judgment. *Chuang,* 225 F.3d at 1124. The plaintiff establishes a prima facie case of discrimination under the ADEA by showing he (1) belongs to a protected class (he is at least 40 years old); (2) was qualified for the position; (3) was subjected to an adverse employment action; and (4) was treated less favorably than similarly situated individuals outside of the protected class. *See Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890–91 (9th Cir.1994). Troy established a prima facie case of age discrimination.

In Troy's case, the parties only dispute the second factor—whether Troy was qualified for his position as a sales representative, or, as Standard puts it, whether he satisfactorily performed his duties. Troy offered evidence that he had worked for Standard for 23 years by the time he was given the choice to resign or be fired. He received two commendations, one from Standard's President and the other from its Vice President, upon completing 20 years of service, only three years earlier.

Although Standard argues that Troy's past performance is not relevant to concerns about his performance during the last few years of his service with the company, its own Vice President acknowledged that "[t]rue success is measured by long term results." Moreover, even during the last few years, Troy consistently ranked in the top half of Standard's sales representatives nationally, fared well when compared to his regional peers, and, more often than not, beat his Seattle peers, except for his former manager, Dennis Dawson.[1]

■ Neither party contests that Standard met its burden in providing a legitimate, nondiscriminatory reason for terminating Troy's performance: Troy received two successive poor evaluations and failed to meet the action plan targets. Troy, however, met his burden of offering evidence that Standard's reason was a pretext for age discrimination. As *Reeves* states, in a motion for summary judgment, courts must (1) review the record as a whole but (2) do so in favor of the nonmovant so that (3) all reasonable inferences are made on behalf of the nonmovant. 530 U.S. at 149–50.

Without the benefit of the Supreme Court's guidance in *Reeves,* the district court discounted as "innocuous" comments referring to Troy's energy level, his manner of sitting in his chair, his need to "rejuvenate" his sales approach, and the "very seasoned/tenured reps" in the Seattle office. Such comments *could be* innocuous, but they could also be a sign of a bias favoring younger sales representatives. Determining whether the comments were, in fact, innocuous or, in fact, a sign of bias belongs to the jury.

---

1. Standard's attacks on Troy's performance, especially when based on subjective factors, should not be considered during step one of the *McDonnell Douglas* analysis. *See Lynn,* 656 F.2d at 1344.

Likewise, Standard may very well have had a nondiscrimatory reason for its method of allocating and reallocating territories as well as determining production targets. Nonetheless, a *reasonable* factfinder could conclude that an employer who requires its senior workers (here, workers protected by the ADEA) to meet higher production targets because of their experience/age, who simultaneously takes away the territories that the senior workers have developed over the years (and that may allow them to meet their higher production targets), and who gives those territories to less experienced/younger employees, is engaging in a practice that is inherently discriminatory. To simply say it is a business model is to avoid the question of whether that business model is discriminatory.[2]

Troy produced other evidence from which a jury could infer pretext: Troy's production targets were set much higher than his replacement's targets, even though his replacement had 17 years of experience selling insurance; Standard allowed its managers to arbitrarily assign production targets; Standard's method of evaluating sales representatives involved subjectivity that could have allowed a manager's age-related bias to affect his or her rating of an employee; Standard's failure to fire all employees who missed production targets indicates that they were not "quotas;" Garry Montag, the younger manager who put Troy on the action plan that led to his termination, engaged in questionable conduct that hurt Troy's chance of meeting his production target but was not disciplined himself; Troy's original action plan would have been virtually impossible to achieve, while his revised plan was simply one that no employee had achieved in the previous four years; and Troy's prob-

lems began in 1994 when Dawson, Troy's contemporary, accepted a demotion from manager to sales representative rather than face an action plan Dawson considered impossible to achieve.

Troy did not have to prove his case at summary judgment but rather just raise a material issue of disputed fact. *See Washington v. Garrett*, 10 F.3d 1421, 1433 (9th Cir.1993) ("If a plaintiff succeeds in raising a genuine factual issue regarding the authenticity of the employer's stated motive, summary judgment is inappropriate, because it is for the trier of fact to decide which story is to be believed."). Looking at all the evidence presented, with the benefit of every reasonable inference, Troy has met his burden.

Summary judgment is appropriate where "no rational factfinder could conclude that the [employer's] action was discriminatory." *Reeves*, 530 U.S. at 148. This is not such a case. Because there exist material issues of fact, the district court should not have awarded summary judgment to the defendant on Troy's age discrimination claim.

REVERSED.

---

**2.** While Standard is correct to say that not all practices that "discriminate" among workers, even those that are patently unfair, are actionable, at the summary judgment stage, courts must draw inferences in favor of the nonmovant. Here, those inferences suggest that Standard's motivation might have represented age-related bias.